REQUESTED BY: David O. Coolidge, Director-State Engineer, Department of Roads, P.O. Box 94759, Lincoln, Nebraska, 68509.
1. Does the obtaining of information by peace officers for completing state motor vehicle accident reports constitute an illegal act under state or federal law?
2. Are modifications of the motor vehicle accident record report form issued by the state Accident Records Bureau, failure to follow accompanying instructions, and substitution of photocopies by reporting entities permissible under state law?
3. Is either the requiring or furnishing of information concerning drugs and alcohol on state motor vehicle accident reports illegal?
4. Is the removable `confidential' tab on the state motor vehicle accident report form calling for information regarding criminal charges and driver and pedestrian alcohol involvement permissible and, if so, is the data entered thereon subject to public disclosure?
1. No.
2. No.
3. No.
4. A request for such information is probably not permissible, but if it is, it would be subject to public disclosure.
1. Police officers, other than members of the Nebraska State Patrol, are authorized and required to make motor vehicle accident reports as prescribed by section 39-6,104, R.R.S. 1943, as follows:
 "It shall be the duty of any sheriff, constable, policeman, or any other peace officer in this state, other than members of the Nebraska State Patrol, who shall investigate any traffic accident in the performance of his official duties, in all instances of an accident in which estimated damage exceeds two hundred fifty dollars, to submit a report of such investigation to the accident record bureau of the Department of Roads within ten days after each such accident. Such report shall be on forms to be prescribed and furnished by the Department of Roads."
Federal law fully supports such procedure. As stated in pertinent part in 23 U.S.C.S. § 402:
 "Each State shall have a highway safety program approved by the Secretary, designed to reduce traffic accidents and deaths, injuries, and property damage resulting therefrom. * * * Uniform standards shall include, but not be limited to, provisions for an effective record system of accidents (including injuries and deaths resulting therefrom), accident investigations to determine the probable causes of accidents, injuries, and deaths, vehicle registration, operation, and inspection, highway design and maintenance (including lighting, markings, and surface treatment), traffic control, vehicle codes and laws, surveillance of traffic for detection and correction of high or potentially high accident locations, and emergency services. * * *"
No constitutional objections can be seen to either statute, they being obviously based in the interests of the public safety and welfare.
It is conceivable that the method of obtaining information for accident reports could cause problems. The giving of information would need to be on a voluntary basis and to be so requested. If voluntary answers are not given, police officers, like any citizen, can relate what they observed. See Styskal v. Brickey, 158 Neb. 209, 62 N.W.2d 854
(1954). If nothing is observed, the report form should, and generally does, provide for an `unknown' category. If the inquiry, through circumstances, would swing from an accident investigation to a criminal investigation, then, of course, the usual constitutional safeguards as set forth in the `Miranda' and a host of following cases would apply to any interrogation in order to give any evidentiary value of testimony. But this, of course, is not the purpose of accident reports.
2. The controlling statute, section 69-6,104, R.R.S. 1943, plainly states, `Such report shall be on forms to be prescribed and furnished by the Department of Roads.' Such complete delegation allows little or no room for equivocation.
The information requested by the accident report form should be reasonably calculated to effect the intent of the law, namely to reduce traffic accidents and deaths, injuries and property damage resulting from them. Otherwise, the administering agency could be deemed guilty of creating arbitrary, capricious or unreasonable requirements. Until and unless such a determination is made, it is considered that reporting law officers or agencies have no choice but to follow the form prescribed and furnished by the Department of Roads.
3. Information concerning alcohol or drugs is requested in section 22 of the motor vehicle accident report form; information concerning drinking is requested in sections 23 and 32; and information concerning alcohol involvement is requested in section 38 of the form. It should be safely assumable that past studies have shown a direct relationship between alcohol-drug usage and automobile accidents and thus data entered in sections 22, 23, and 32 of the form would show the incidence of such causal relationship to accidents. Again, such information would need to be acquired by either voluntary answer or subjective observation.
Section 38 is commented on in the following paragraph.
4. Section 38 of the form calls for arrest information, including name(s), charge(s), driver's and pedestrian alcohol involvement, and investigator's comments. It is headed `Confidential, For Statistical Purposes Only' and is scored for removal.
The sub-sections on alcohol involvement are repetitive of data already called for in sections 22, 23, and 32, although calling for additional information regarding testing.
It is considered debatable as to whether section 38 bears a reasonable relationship to accident prevention. The position taken here is that it is not, for the reasons that it concerns actions (arrest) after the fact of the accident, that arrest does not guarantee conviction and thus, is irrelevant, and that data concerning convictions is obtainable elsewhere if it does have a reasonable relationship to accident prevention.
As regards confidentiality, the entire motor vehicle accident report is made pursuant to section 39-6,104, R.R.S. 1943, and, as such, is considered to be a public record under section 39-6,104.04, R.R.S. 1943, which states in pertinent part:
 "* * * Provided, that all reports made by an officer of the Nebraska State Patrol, sheriffs, or deputies, police officers, and village marshals, or made to or filed with such officers in their respective offices or departments, or with, by, or to any other law enforcement agency of the state shall be open to public inspection, but accident reports filed pursuant to section 60-505
shall not be open to public inspection."
The motor vehicle accident report is not made pursuant to said section 60-505. It is made by `sheriffs or their deputies, police officers, and village marshals'. It is not considered a `criminal history record' under section 29-3506
of the Security, Privacy and Dissemination of Criminal History Information Act. Neither is it considered protected by the Public Record Act as defined in section 84-712.05, R.R.S. 1943. It is an accident report containing investigative information and as such, in view of the prior conclusions, a `confidential' section could hardly be kept confidential.